IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RYAN R. KING PLAINTIFF

v. Civil No. 6:26-cv-06086-SGS

A. FORTANELLI and
JANE DOE (also known as Christine) DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983. The case was directly assigned to the undersigned Magistrate Judge pursuant to General Order 2024-02, but not all parties to the action have consented to the jurisdiction of the undersigned. *See* 28 U.S.C. § 636(c). Accordingly, the case will automatically be reassigned to a United States District and referred to the undersigned for a report and recommendation pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3). Currently before the Court is Plaintiff's failure to obey a Court Order and failure to prosecute this case.

**I. BACKGROUND**

Plaintiff filed his Complaint on June 23, 2026. (ECF No. 1). That same day, the Court entered an Order provisionally filing the case and directing Plaintiff to submit a completed *in forma pauperis* ("IFP") application. (ECF No. 4). He was advised that failure to submit the IFP application by July 14, 2026, would subject his case to dismissal. (*Id.*). The same Order also advised Plaintiff that he must inform the Court of any address change within 30 days of any such change, or his case would be subject to dismissal. (*Id.*). This Order was not returned as undeliverable.

When Plaintiff failed to submit a completed IFP application, the Court entered a Show Cause Order directing him to respond by August 14, 2026. (ECF No. 6). This Order was returned as undeliverable on August 10, 2026. (ECF No. 7). The deadline for Plaintiff to submit his new address was set for September 9, 2026. (*Id.*). To date, Plaintiff has failed to submit his completed IFP application, has failed to inform the Court of his new address, and has not otherwise communicated with the Court.

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III. ANALYSIS

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Plaintiff has failed to comply with a Court Order. Plaintiff has failed to prosecute

this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV. CONCLUSION

Accordingly, it is recommended that Plaintiff Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

*Referral Status*: This case should not remain referred because all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **30th day of September 2026**.

/s/ Spencer G. Singleton

HON. SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE